The Honorable David S. Clinger Prosecuting Attorney Nineteenth Judicial District 100 Northeast A Street Bentonville, Arkansas 72712
Dear Mr. Clinger:
This is in response to your request for an opinion concerning the disposition of voluntary tax funds according to a Benton County Ordinance. Specifically, you note that the ordinance authorizes the collection of a voluntary tax to be paid to a private foundation for the benefit of a public entity. The private foundation is the Rogers-Bentonville Community College Foundation and the public entity is the Northwest Arkansas Community College. The county collects the voluntary tax money and pays the money over to the private foundation and the foundation spends the money for the benefit of the community college.
Your specific question is as follows:
 Can the County collect voluntary tax funds and pay those funds out to a private foundation for the benefit of a public entity?
This question has not been squarely addressed by the Arkansas Supreme Court, and thus cannot be answered definitively.
This office has opined recently, based upon Supreme Court precedent, that the collection of a voluntary tax by a county, which then turns the tax over to a private charitable organization, is in all likelihood violative of Arkansas Constitution Art. 12, § 5. See Opinion No. 91-015, copy enclosed. The situation you present, however, is distinguishable from that in Opinion 91-015. Here, the voluntary tax proceeds are to be turned over to a private foundation, but that foundation will ultimately spend the monies for the benefit of a community college, a public entity. It is arguable that this scenario will come nearer passing muster under Art. 12, § 5, which provides that "[n]o county . . . shall become a stockholder in any company, association or corporation; or obtain or appropriate money for . . . any corporation, association, institution, or individual." (Emphasis added.) The title of this section is "[p]olitical subdivisions not to become stockholders in or lend credit to private corporations." (Emphasis added.) We have opined previously that the collection of a voluntary tax amounts to the "obtaining" of money for a particular recipient. See
Opinion No. 91-015. If the ultimate recipient of the funds, however, is a public and not private entity, it may be contended that the spirit or even the letter of this constitutional provision is not violated.
A conclusive resolution, however, will likely depend upon the exact nature of the foundation's use and expenditure of the funds. For example, if the foundation merely acted as a conduit for the voluntary tax proceeds and funneled them to the community college, where they might be spent at the direction of the community college, a court might come closer to finding the action constitutional. A court might, however, find unconstitutional the obtaining of funds through a voluntary tax which is then given to a private foundation to be expended in its sole discretion, as it deems appropriate or necessary for the benefit of the community college. A court would also consider whether any of the voluntary tax dollars were used to support the operations of the private foundation itself, as opposed to all of it being spent to benefit the community college.
All of these factors will have to be considered by a court faced with the question. Unfortunately, any attempt by this office to predict what the Arkansas Supreme Court would hold in this specific instance would involve absolute conjecture.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb